| | | |
|---|---|---|
| TERRY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV331 ERW |
| | ) | |
| UNKNOWN CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Having reviewed the complaint, the Court finds that defendants must answer it.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is confined at the St. Louis City Medium Security Institution. Defendants are correctional officers there. Plaintiff told defendants that inmate Charles Clemmins had threatened him and that he was afraid for his safety. Each defendant denied the request. On January 21, 2016, Clemmins severely beat plaintiff, fracturing his facial bones. Plaintiff had to be taken to the hospital for treatment. Plaintiff sues defendants in their individual capacities.

## Discussion

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Under this standard, the Court finds that plaintiff's allegations state a plausible claim for relief. As a result, the Court will direct the Clerk to issue process on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on the complaint.

So Ordered this 14th day of April, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE