# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARDS TERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-331 ERW |
| | ) |
| PAMELA CLARK, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Before the Court is defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is denied.

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.

Plaintiff, a pretrial detainee at the St. Louis Medium Security Institution, brings this action under 42 U.S.C. § 1983 for failure to protect him from harm in violation of the Fourteenth Amendment. Defendants are correctional officers at MSI.

Plaintiff alleges that on separate occasions he told each of the defendants that he was being threatened by inmate Charles Clemmins and that he needed to be placed in protective custody. He claims that defendants refused his request for protective custody. He alleges that defendant Russell Roberts "did nothing"; that defendant Timothy Mann told him "if everybody threatened wanted P.C., there would be a waiting list," and did nothing; that defendant Derrick Honeywood "rolled his eyes and did nothing"; and that defendant Pamela Clark told him "that she was busy and to write a kite."

Plaintiff alleges that shortly after he asked for protective custody Clemmins attacked him, fracturing multiple bones in his face.

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Defendants argue that plaintiff's allegations fail to demonstrate that they "actually drew an inference" that there was a substantial risk of serious harm. For example, defendants argue that Mann's statement demonstrates that he did not believe plaintiff was in real danger. And they claim that defendant Honeywood's eye-rolling suggests he did not believe plaintiff was in danger of serious harm, either.

The problem with defendants' argument is that it requires the Court to draw all reasonable inferences in their favor. However, in reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007). Taking the pleadings in the light most favorable to plaintiff, the Court finds that defendants' reactions to plaintiff's request for protective custody could also have been the result of their deliberate indifference to his circumstances. As a result, the Court finds that the pleadings state a plausible claim for relief.

Defendants also argue that they are entitled to qualified immunity because plaintiff failed to sufficiently allege a failure-to-protect claim.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)).

Because the Court finds that plaintiff sufficiently pleaded a failure-to-protect claim, defendants' argument fails. Additionally, defendants have not argued that plaintiff's right to be free from substantial risks of serious harm is not a clearly established right. Therefore, defendants are not entitled to qualified immunity, and the motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 26] is **DENIED**.

So Ordered this 4th day of August, 2016.

_E. Richard Webber_

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE