# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARDS TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV00331 ERW |
| | ) | |
| PAMELA CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment [ECF No. 60] and Plaintiff Edwards Terry's Motion for Subpoenas [ECF No. 46].

**I.   BACKGROUND**

Plaintiff Edwards Terry ("Plaintiff") filed a complaint in this Court on March 14, 2016. On April 4, 2016, Plaintiff filed an amended complaint alleging Defendants Pamela Clark, Darrick Honeywood, Luzella King, Timothy Mann and Russell Roberts ("Defendants") violated the Fourteenth and Eighth Amendments of the United States Constitution by not placing him in protective custody to prevent an assault by another inmate. Defendants filed their Motion for Summary Judgment asserting Plaintiff cannot establish Defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to Plaintiff, Defendants are entitled to qualified immunity, and Plaintiff failed to exhaust his administrative remedies. Plaintiff did not file a response to Defendants' Motion. The uncontroverted facts are as follows.

   *A.   Uncontroverted Facts*

Plaintiff was a pre-trial detainee at the Medium Security Institution ("MSI") in St. Louis Missouri, from December 8, 2015, to May 16, 2016, and from May 19, 2016, to August 25,

2016, when he was transferred to Jefferson County then returned on October 14, 2016.[1] Defendants are employees at MSI. From January 13, 2016, to January 22, 2016, Plaintiff resided in Dorm 1.

On January 14, 2016, Defendant King called in reporting too sick to work. On January 15, 2016, Defendant Roberts worked from 2:30 p.m. to 11:00 p.m. in Pod 3. He would not have had any interaction with inmates in Dorm 1. On January 17, 2016, Defendant Mann worked from 2:30 p.m. to 11:00 p.m. On January 19, 2017, Defendant Honeywood was assigned to Pod 4, where he would not have had any interaction with inmates in Dorm 1. On January 20, 2016, Defendant Clark was not at work.

Prior to January 21, 2016, Plaintiff did not tell Defendants another inmate, Clemmins, threatened him. Defendants were never aware of any threat made by inmate Clemmins to Plaintiff. On January 21, 2016, Plaintiff was assaulted by a fellow inmate. Plaintiff admits he does not know whether Defendants actually inferred a substantial risk of serious harm to him based on his alleged statements to Defendants.

On or about August 19, 2016, Constituency Services Unit ("CSU") officer Netsanet Newete received a complaint from Plaintiff. In the complaint, Plaintiff complained the Superintendant of MSI improperly took an extra mattress prescribed to him by a doctor as a result of the assault on January 21, 2016. The CSU officer voided the complaint because Plaintiff was transferred to Jefferson County, making the complaint moot. The Division of Corrections has no record of any other complaints, informal resolution requests, or grievances from Plaintiff mentioning an assault on January 21, 2016.

## II.     STANDARD

---

[1] All facts cited herein are from Defendants' Statement of Undisputed Material Facts [ECF No. 61-1]. Because Plaintiff did not respond to Defendants' Motion and did not file a statement disputing any of Defendants' asserted facts, the Court finds them to be uncontroverted and undisputed for the purposes of this motion.

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

### III. DISCUSSION

#### A. *Defendants' Motion for Summary Judgment*

In their Motion, Defendants argue Plaintiff cannot establish Defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to Plaintiff and Defendants did not draw such an inference. Second, they contend they are entitled to qualified immunity, because their conduct comported with established law. Finally, Defendants argue Plaintiff failed to exhaust his administrative remedies.

Because Plaintiff did not file a response to Defendants' Motion, the Court will summarize the contents of Plaintiff's complaint to put Defendants' arguments into context. Then the Court will address Defendants' Motion.

In his complaint, Plaintiff alleged the following. On January 14, 2016, at 2330 hours, he asked Officer King to place him in protective custody, because he was being threatened by Charles Clemmins, another inmate. On January 15, 2016, at 1625 hours, he again requested Officer Roberts place him in protective custody. On January 17, 2016, at 0130 hours, Plaintiff informed Officer Mann he was being threatened and wanted protective custody. On January 19,

2016, at 1545 hours, Plaintiff asked Officer Honeywood for protective custody, because he feared for his safety. On January 20, 2016, at 1700 hours, he asked Lieutenant Clark for protective custody, because he feared for his safety and was told to write a "kite."[2] On January 21, 2016, Plaintiff was assaulted by Charles Clemmins and suffered a fractured cheek bone, a fractured eye socket bone, a broken nose, bruises and contusions on his face. He was taken to St. Louis University Hospital for medical treatment.

Plaintiff's claims must be dismissed, because he has failed to establish the elements of a violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment, which the Supreme Court of the United States has interpreted to include a duty on prison officials to provide "humane conditions of confinement." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996). This duty requires prison officials to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Id*. To establish an Eighth Amendment failure to protect claim, an inmate must show: 1) he is incarcerated under conditions posing a substantial risk of serious harm; and 2) the prison official "knows of and disregards an excessive risk to inmate health or safety." *Id*. The second element requires a prisoner to show the official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and the official drew the inference. *Id*. Thus, a failure to protect claim includes an objectively serious deprivation, and a subjectively culpable state of mind. *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). In this matter, Defendants concede the first element, Plaintiff suffered an objectively serious deprivation when he was assaulted by another inmate. The focus turns to the second element, the state of mind of each Defendant.

Plaintiff is unable to show Defendants knew of and disregarded an excessive risk to his safety. The uncontroverted facts disprove each allegation in Plaintiff's complaint. He asserts on

---
[2] Plaintiff's Complaint does not define a "kite," the Court assumes it is a complaint form.

January 14, 2016, he asked Defendant King to be placed in protective custody. But, on this date, Defendant King was not working, he had called in sick. Next, Plaintiff alleges on January 15, 2016, he told Defendant Roberts he was being threatened and needed to be put in protective custody. On this date, Defendant Roberts was assigned to Pod 3 where he would have had no contact with Plaintiff in Dorm 1. Plaintiff alleges he told Defendant Mann on January 17, 2016, at 1:30 a.m., he was being threatened. Defendant Mann only worked until 11:00 p.m. on this date and he was assigned to Dorm F/G, not Dorm 1. Plaintiff alleges he asked Defendant Honeywood for protective custody on January 19, 2016, but Defendant Honeywood was assigned to Pod 4, where he would have no interaction with inmates in Dorm 1. Finally, Plaintiff alleges he asked Defendant Clark for protective custody on January 20, 2016. This is Defendant Clark's day off so she was not at work on this date. Plaintiff has failed to establish Defendants were aware a substantial risk of serious harm existed.

Even if the Court were to assume Plaintiff's facts were true and he did inform Defendants he was being threatened, it still is not enough to establish a claim. An inmate must do more than tell prison officials he has been threatened, because "threats among inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater*, 89 F.3d at 541; *Young v. Selk*, 508 F.3d 868, 874 (8th Cir. 2007) (Inmate's statements he was being threatened were enough to establish a risk of serious harm, when he used words such as urgent and emergency.). Further, Plaintiff failed to establish Defendants actually drew an inference he was in substantial risk of harm. Plaintiff admitted in his deposition he did not know if Defendants drew an inference he was at risk of harm. Defendants' Motion for Summary Judgment will be granted, because Plaintiff has failed to establish the elements of an Eighth Amendment claim.

Because Plaintiff's failed to establish the elements of his claim and summary judgment will be granted on this basis, the Court need not address whether Plaintiff exhausted his administrative remedies or whether Defendants are entitled to qualified immunity.

    B.    *Plaintiff's Motion for Subpoenas*

On November 3, 2016, Plaintiff filed a request for subpoenas for testimony and documents from several individuals. The Court ordered the Clerk's office to send Plaintiff six blank subpoena forms to be filled out and returned to the Court. The Court also ordered Plaintiff to submit a memorandum to the Court stating why he needs the documents sought and why he believes the testimony of the individuals was necessary to his claims. Plaintiff never returned the subpoena forms nor did he provide a memorandum to the Court as to why he needs the subpoenas. Without this information, the Court cannot grant Plaintiff's motion and it will be denied.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendants' Motion for Summary Judgment [ECF No. 60]. is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants Pamela Clark, Darrick Honeywood, Luzella King, Timothy Mann and Russell Roberts are **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Edwards Terry's Motion for Subpoenas [ECF No. 46] is **DENIED**.

Dated this 10th Day of July, 2017.

                                        E. RICHARD WEBBER
                                        SENIOR UNITED STATES DISTRICT JUDGE